# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CRIMINAL ACTION NO. |
| : | 1:06-CR-0472-2-RWS |
| LATESHA GARNER, : | |
| : | |
| Defendant. : | |

## ORDER

This case is before the Court for consideration of Defendant Latesha Garner's Motion for a Judgment of Acquittal or, in the Alternative, a New Trial [196]. After reviewing the entire record, the Court enters the following Order.

Asserting that the evidence at trial did not support the jury's verdict finding Defendant Latesha Garner guilty as charged in Counts One through Nine of the Indictment, Defendant moves the Court pursuant to Federal Rule of Civil Procedure 29(c) for a judgment of acquittal. Defendant asserts that the conduct for which she was held accountable amounted to "mistakes" rather than criminal conduct. In her Motion, Defendant reviews evidence from the trial that she asserts supports her contention that she was not guilty as charged. Further,

Defendant submits the Affidavit of her father, Defendant Keith Garner, in support of her contention that she did not realize that she was receiving payments from the fraudulent transactions that are the subject of the Indictment.

In deciding a post-trial motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, the Court must determine "whether the evidence, examined in a light most favorable to the Government, was sufficient to support the jury's conclusion that the defendant was guilty beyond a reasonable doubt." <u>United States v. Williams</u>, 390 F.3d 1319, 1323 (11th Cir. 2004). "However, it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence. " <u>United States v. Vera</u>, 701 F.2d 1349, 1357 (11th Cir. 1983)(internal citations and quotations omitted). "All credibility choices must be made in support of the jury's verdict." <u>Williams</u>, at 1324. "If the evidence fairly supports a verdict of guilty, such that a reasonable jury could find the defendant guilty beyond a reasonable doubt, then the jury's

2

verdict may not be overturned." United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989).

"To establish a conspiracy to commit wire fraud, the government must prove (1) an agreement between two or more persons (2) to execute a scheme to defraud and (3) the use of either the mails or wire service in furtherance of the scheme." Unites States v. Ross, 131 F.3d 970, 981 (11th Cir. 1997). "[T]he existence of a conspiracy may, and often is, be proved by circumstantial evidence, such as inferences from the conduct of the alleged participants or circumstantial evidence of a scheme." United States v. Knowles, 66 F.3d 1146, 1155 (11th Cir. 1995).

With regard to the substantive wire fraud counts, the Superseding Indictment charges that Defendant and her co-defendants aided and abetted each other in the commission of the substantive wire fraud counts. To convict a defendant of wire fraud, "the government must prove beyond a reasonable doubt that a defendant (1) intentionally participated in a scheme to defraud; and (2) used wire communications to further that scheme." Ross,131 F.3d at 984. "To prove aiding and abetting, the government must demonstrate that a substantive offense was committed, that the defendant associated himself with

3

the criminal venture, and that he committed some act which furthered the crime." United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001).

When examined in a light most favorable to the Government, the evidence was sufficient to support the jury's conclusion that the Defendant was guilty beyond a reasonable doubt. The conspiracy and substantive wire fraud counts arise from mortgage loans obtained by fraud from Defendant's employer, SunTrust Mortgage Company ("SunTrust"). Defendant processed loans that were submitted by her father for unqualified "straw buyers" to purchase houses in the Atlanta area at inflated prices. Unknown to SunTrust, the correspondingly inflated loan amounts funded hundreds of thousands of dollars of payments to Defendant's father, which he in turn used to pay Defendant and his co-conspirators.

The evidence at trial established that Defendant's responsibilities included gathering and completing various loan documents required to meet loan or product guidelines. At times, Defendant was also required to clear certain conditions so that a loan could close. The information and documents that Defendant was responsible for gathering related to the borrower's financial qualifications.

AO 72A
(Rev.8/82)

The evidence showed that Defendant falsified certain material documents in the course of processing the loans in issue. For example, Defendant falsified verifications of employment for Cleveland Suttles and Paris Forman. Also, Defendant sent a verification of rent form for Robin Martin to her father although she knew her father was not Martin's landlord.

As a loan closer, Defendant was responsible for reviewing HUD-1s. On two occasions, she approved HUD-1s with substantial payments to be made to her father's business from the proceeds of the transaction. These transactions should have raised "red flags" for Defendant. However, she did not raise these transactions with any of her superiors at SunTrust. She approved the HUD-1 for the Avala Court property without verifying a $250,000 earnest money deposit allegedly made by the borrower to Defendant Gregg Savage. Evidence at trial established that the payment was not made.

The evidence at trial also established that Defendant's father deposited a total of $33,000 into her account at, or about, the times of the various closings. Several of the checks her father deposited were marked "payroll" by her father. Defendant testified that she had no knowledge that the checks were marked "payroll" and believed the deposits were gifts to her from her father. Based

5

upon the timing of the deposits, the jury could have reasonably concluded that the deposits were compensation to Defendant for her part in the conspiracy.[1]

Having determined that when examined in a light most favorable to the Government, the evidence was sufficient to support the jury's conclusion that Defendant was guilty beyond a reasonable doubt, Defendant's Motion for Judgment of Acquittal is **DENIED**.

Federal Rule of Criminal Procedure 33 authorizes the Court to grant a new trial "if justice so requires." "On a motion for a new trial based on the weight of the evidence, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." United States v. Martinez, 763 F.2d 1297, 1312 (11h Cir. 1985). "The decision to grant or deny a new trial motion based on the weight of the evidence is within the sound discretion of the of the trial court. . . The evidence must preponderate heavily against the verdict, such that it would be a

---

[1] Defendant submitted an affidavit from Keith Garner, her father, in which he states that he never informed Defendant that there were any improprieties with any of the loans and that the deposits to her account were gifts. As this testimony was not presented to the jury, the Court finds that consideration of it would not be appropriate in connection with the motion for judgment of acquittal. However, the Court will address the affidavit in connection with the motion for new trial.

6

miscarriage of justice to let the verdict stand." Id. at 1312-13. The evidence which the Court summarized in connection with the motion for judgment of acquittal supports the Court's conclusion that the verdict is not a miscarriage of justice.

In addition to the evidence presented at trial, Defendant has submitted with her motion an affidavit from co-defendant Keith Garner, who was tried with Defendant but did not testify at trial. Evidence is treated as newly discovered for purposes of Federal Rule of Criminal Procedure 33(b)(1) only if the movant can establish the following: "(1) the evidence must be discovered following the trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result." United States v. Perez-Paredes, 678 F.Supp. 259, 261 (S.D.Fla. 1988). The exculpatory testimony offered in the affidavit of Keith Garner is cumulative to the testimony offered by Defendant at trial. Therefore, the testimony is not treated as newly discovered evidence. Even taking the affidavit into account, the Court still concludes that the verdict is not a miscarriage of justice. Rather

7

than preponderating against the verdict, the evidence in the case supports the jury's verdict. Therefore, Defendant's Motion for New Trial is **DENIED**.

Based on the foregoing, Defendant Latesha Garner's Motion for a Judgment of Acquittal or, in the Alternative, a New Trial [196] is **DENIED**.

**SO ORDERED** this  7th  day of August, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8